May S. Smyth  
vs. } No. 83782.  
Vito Valentino

June 25, 1932.

CHURCHILL, J. Motion for new trial filed by the defendant after a verdict for $3,396 in an action for negligence.

The plaintiff was injured in a collision between an automobile which she was driving at the time and an automobile driven by the defendant.

The two cars were proceeding in opposite directions on Mineral Spring Avenue. The collision took place in the afternoon with nothing unusual either in the matter of road conditions or visibility, and on a straight portion of the road.

On the weight of the testimony it appears that the defendant's car was across the middle line of the road and on its left hand side when the collision occurred and that the plaintiff at all times had been proceeding on her right hand side of the road. The defendant argues that the mere fact of a collision is not sufficient to sustain a charge of negligence. This is no doubt the rule, but in the case at bar there was more than the mere fact of a collision. The collision took place on the plaintiff's right hand side of the road and on the left hand side of the road in the direction in which the defendant was driving. From these facts the jury might correctly determine that the defendant was guilty of negligence in the operation of his car.

The defense set up at the trial was that the defendant, just previous to the accident, was driving on his right hand side of the road, when suddenly two children appeared in front of his car, and not having time to stop and having no opportunity to turn out on his right on account of the proximity of a fence, he turned to his left and become involved in a collision with the plaintiff's automobile. The argument of the defendant is that in such an emergency he cannot be charged with negligent operation. The defendant and his wife were the only persons who testified to the presence of the two children.

The plaintiff and her companion, Mrs. Jerald, both testified positively that there were no children in or near the road, in the vicinity of the defendant's car, just before the accident happened. Their opportunities for observation were good. On the evidence it was a fair question of fact for the jury as to whether or not the testimony of the defendant and his wife was true as to the presence of the children. This Court cannot say that on this point the verdict of the jury was unjustified.

No question is raised as to the amount of the verdict and on the evidence it was amply justified. The verdict does justice between the parties.

The motion for a new trial is hereby denied.

For plaintiff: Arthur A. Thomas.  
For defendant: Luigi De Pasquale.

Blanche R. Jerald  
vs. } No. 83783.  
Vito Valentino

June 25, 1932.

CHURCHILL, J. Motion for a new trial filed by the defendant after a verdict for the plaintiff for $3,000 in an action for negligence.

This case was tried at the same time as the case of *May S. Smyth* v. *Vito Valentino*, No. 83782. Blanche R. Jerald, the plaintiff, was riding in the same car involved in the accident and the matter of liability depends upon the same points.

No question is raised in regard to the amount of the verdict. On the evidence it was amply justified.

Motion for a new trial is hereby denied.

For plaintiff: Arthur A. Thomas.  
For defendant: Luigi De Pasquale.